## L. BERNHEIM v. O. T. LYON.

### No. 127.

1. **Charge of Court — Agency.**—In a suit by Lyon against Bernheim for the value of a bill of lumber furnished by Lyon to London, who used the same in the construction of a house for Bernheim, the issue was as to whether London was Bernheim's agent, with authority to buy the lumber. A charge to the jury, that Bernheim would be liable if Lyon sold the goods to London, and if they believed that London was the agent of Bernheim "to erect the building," is held to be erroneous, and calculated to mislead the jury.

2. **Written Contract—Evidence.**—It was error to exclude from the jury the written contract between London and Bernheim for the construction of the house, which was offered in contradiction of the testimony of London, who stated a different contract. It was admissible in connection with Bernheim's testimony, that he never made any other or different contract with London.

APPEAL from the County Court of Grayson. Tried below before Hon. E. P. GREGG.

*J. H. Randell* and *Randell & Wolfe*, for appellant.—1. The defendant having contracted with said London for the building of his house, said London would thereby become his agent for such purpose, and the charge of the court was, in effect, telling the jury to find for plaintiff.

2. The controversy in the case being as to whether the lumber had been purchased by defendant, and said London having testified that defendant was to purchase the lumber and deduct the price thereof from his bill, the contract between London and defendant was admissible to impeach and contradict said witness.

No brief for appellee reached the Reporter.

LIGHTFOOT, CHIEF JUSTICE.—Appellee, O. T. Lyon, sued appellant, L. Bernheim, in the County Court on account for lumber amounting to $787.78. Plaintiff alleged, that the goods were furnished at "the request of the defendant, and with his knowledge and consent," and the defendant knew plaintiff was furnishing the goods, and used the same in a house he was then building.

The defendant answered by general denial, except as to the sum of $592.42, which sum he acknowledged his promise to pay, and by special answer pleaded a tender of said amount to plaintiff before bringing the suit, and the payment of said amount into court.

The case was tried on March 13, 1891, and resulted in a verdict and judgment for plaintiff for the full amount of the claim, from which this appeal was taken.

The first assignment of error is as follows: "The court erred in the first paragraph of his charge to the jury, in instructing them to find for

' plaintiff,' provided they found that London was the agent of defendant, Bernheim, to erect the building alleged to have been erected. The real issue was whether or not Jake London was the agent of defendant in purchasing the lumber from plaintiff, and not as to his agency in building the house. It was a fact proved that London had contracted in writing with defendant to furnish the materials and build the house for a certain sum. The instruction should have been to find for plaintiff, if the jury believed that London was the agent of defendant in purchasing the lumber from plaintiff.''

The charge of the court was in full as follows, to-wit:

'' This is a suit by plaintiff against the defendant for the sum of $787.78. The defendant admits that he is indebted to the plaintiff in the sum of $592.43, and tenders said sum into court. The issue now is as to the balance of said $787.78, which balance said defendant denies.

'' 1. You are instructed, that if you believe from the evidence that the plaintiff sold and delivered the items charged in the balance to defendant or to London, provided you believe said London was the agent of defendant Bernheim to erect the building alleged to have been erected, then defendant would be liable for said balance, and you should find for plaintiff.

'' 2. If you believe from the evidence that plaintiff sold said lumber to London, and that London was not the agent of defendant as before charged, then the defendant would not be liable, and you should find for defendant. You are the sole judges of the weight of the evidence and the credibility of the witnesses.''

It seems that there was a written contract between defendant (appellant) and the witness J. London, whereby the latter agreed to furnish all the material and erect a dwelling house for defendant at a stipulated price. It was claimed by plaintiff below that defendant agreed to buy the lumber, such as London might select, and take the price of it out of the amount he was to pay London for the construction of the house. On the other hand, it was claimed by defendant that he did not agree to become responsible for such lumber except the bill of $592.43, which he expressly endorsed '' O. K.,'' and which amount he tendered. The real issue was, whether or not defendant agreed to buy the lumber or become responsible for the balance of the account, and this issue should have been submitted clearly to the jury.

A charge to the jury, that the defendant would be liable if the plaintiff sold the goods to London, and if they believed that said London was the agent of defendant Bernheim *to erect the building*, was erroneous and calculated to mislead the jury. London was unquestionably employed to erect the building; but if he was to furnish the lumber himself, and Bernheim had refused to become responsible to plaintiff for the balance of the lumber, and did not authorize London to buy it upon his credit, he can

not be held liable for it.    The point to be submitted to the jury was, whether London was defendant's agent with authority *to buy the lumber*, and not whether he was his agent *to build the house*.

2.  The court erred in excluding from the jury the written contract between London and defendant, which was offered in contradiction of the testimony of London, who stated a different contract.    The written contract offered by defendant shows that London agreed to furnish all the material and build the house at a stipulated price, and defendant testified that he never made any other or different contract with London. The contract was admissible in connection with this testimony, and should have gone to the jury, and with all the testimony before them, they could, under a proper charge, have determined the issues.

It is unnecessary to pass upon the other assignments of error, as the questions there presented will probably not arise on another trial.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 22, 1893.